# **EXHIBIT 1**

|   |   |
|---|---|
| 1 | Angus F. Ni |
| 2 | AFN Law PLLC |
|   | 506 2nd Avenue, Suite 1400 |
| 3 | Seattle, WA, 98104 |
|   | (646) 543-7294 |
| 4 | angus@afnlegal.com |
| 5 | *Counsel for Plaintiffs* |

**IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON**

**IN AND FOR THE COUNTY OF KING**

| WA&HF LLC, | Case No. |
|---|---|
| Ruizheng An | |
| | **COMPLAINT FOR:** |
| Plaintiffs, | 1. BRACH OF CONTRACT |
| | 2. BREACH OF GOOD FAITH AND |
| v. | FAIR DEALING |
| | 3. UNJUSTENRICHEMENT |
| Saraca Media Group Inc., | 4. DEFAMATION |
| Wengui Guo, | |
| | |
| Defendants. | |

## I. NAUTRE OF THE ACTION

1. This is an action by Plaintiff WA&HF LLC which entered into a "Software Development Agreement" ("SDA") with Defendant Saraca Media Group Inc. ("SMG") and performed under the SDA. Defendant SMG refused to pay the remaining contract price as specified in SDA, and Defendant Wengui Guo ("Guo") made false and defamatory statements about Plaintiffs in his online broadcasting to avoid payments under the SDA. This lawsuit seeks monetary damages.

## II. PARTIES

2. Plaintiff WA&HF LLC, ("WA&HF"), is a limited liability company, created, organized, and existing under the laws of State of Washington.

3. Plaintiff Ruizheng An ("An"), is a and at all relevant times a foreign national and resident of King County, Washington. Mr. An is also the CEO of WA&HF LLC.

4. Plaintiffs are informed and believe, and therefore allege Defendant Saraca Media Group Inc., is and at all times mentioned herein a corporation, created, organized, and existing under the laws of the State of Delaware.

5. Plaintiffs are informed and believe, and therefore allege Defendant Wengui Guo controls SMG, and is and was at all time mentioned herein a foreign national residing in the State of New York.

## III. JURISDICTION AND VENUE

6. The Superior Court of Washington has jurisdiction of Plaintiffs' claim pursuant to RCW 2.08.010.

7. The Superior Court of Washington has jurisdiction over Defendants pursuant to 4.28.185.

8. Venue in King County is appropriate pursuant to RCW 4.12.020.

## IV. FACTUAL ALLEGATIONS

9. On May 6, 2019, SMG entered into a "Software Development Agreement" with WA&HF in which WA&HF agreed to develop a video broadcast platform. The contract price was USD 797,825 plus any taxes.

10. The SDA contains project specifications for the App to be developed (the "App" or

"GTV"), a development plan with milestones, as well as a payment schedule that was included as an exhibit of the SDA.

11. Over the course of 2019 and early 2020, WA&HF performed under the contract, and the first three payments, each 20% of the contract price, was paid to Plaintiff WA&HF.

12. Exhibit B of SDA provides that within 3 days of the software's delivery and acceptance by SMG, SMG shall pay to WA&HF the remaining 40% of the contract price, which is a total of USD 319,130.

13. On or before March 12, 2020, Plaintiff WA&HF delivered the contracted-for software to the Defendant SMG and Defendant SMG accepted such delivery.

14. On March 12, 2020, via a Zoom meeting, WA&HF and SMG agreed to April 30, 2020 as the deadline for final payment.

15. On April 15, 2020, WA&HF officially launched the App on the app store. It was immediately well received by users.

16. On May 8, 2020. WA&HF delivered the App's source-code to Defendant SMG.

17. Defendant SMG has since refused to pay the remain 40% of contract price in the amount of USD 319,130 to WA&HF, materially breaching the SDA.

18. In an effort to avoid payments and intimate Plaintiffs not to seek payments, beginning May 19, 2020, Guo, who controls SMG, began making a series of public, false, and defamatory statements against WA&HF and Mr. An.

19. On May 19, May 21, May 23, May 25, May 30, June 6, and June 9, 2020, in Guo's public online broadcasts to his many social media followers, Guo publicly accused WA&HF, its personnel, and Mr. An of launching cyber-attacks against GTV, stealing GTV user information from the server of GTV, installing malicious software and deliberately sabotaging the operation of GTV.

20. Guo called out WA&HF's personnel, including Mr. An, and stated that they were communist agents hired by the Chinese government to sabotage the app they built.

21. On May 31, 2020, one of Guo's twitter followers, who has thousands of followers, following Guo's exhortations, named Mr. An on his/her twitter feed, accusing him of being a communist agent.

22. On June 8, 2020, Guo falsely stated in an online broadcasting that WA&HF installed malicious software in the GTV codebase and stole G-coins (a form of virtual currency Guo was marketing). Guo stated, referencing Mr. An and WA&HF: "I thought they did not have a Chinese Communist Party background, but it does not seem to be that simple."

23. On June 9, 2020, Guo repeated the statement in another broadcast, stating: "as to Pangxie (a pseudonym meaning "crab" that Guo used to refer to Mr. An), I thought he could not collude with the Chinese Communist Party … but it does not seem to be that simple."

24. Guo's live online broadcasts attracts thousands of viewers, the video recording of these particular broadcasts have since been viewed tens of thousands of times.

25. Multiple other online social media accounts have since publicly discussed Mr. An and his company, portraying them in a negative manner while referencing Guo's numerous malicious broadcasts.

26. Guo made the above false and defamatory statement about Plaintiff with malice, and in order to avoid payment by intimidating Plaintiffs.

27. Guo defamatory statements accuse the plaintiffs of engaging in serious criminal activities—cyber-attacks against a customer.

28. Guo defamatory statements have also harmed plaintiff's professional reputation in his core industry: software development.

29. By calling him an agent of a foreign government sent to disrupt GTV, Guo's defamatory statements also subjected the Mr. An to public hatred and contempt.

30. For example, since Guo's statements, Mr. An has been publicly castigated and insulted repeatedly as a communist spy and an agent of the Chinese government on social media platforms.

31. Mr. An's personal information, including his picture, have been posted online by Guo's social media followers. He is now the target of an online smear campaign instigated by Guo.

32. Guo defamatory statements constitute libel per se under the laws of Washington.

V.     **CAUSE OF ACTION**

**FIRST COUNT**
**BRECH OF CONTRACT**
**(Against defendant SMG)**

33.     Plaintiffs incorporate paragraphs 1 – 32 inclusive herein above, by reference, as if set forth and pleaded herein.

34.     Valid and binding written agreement were made between the parties.

35.     Defendant SMG breached the agreement by failing to pay the 40% of the remaining contract price after they became due.

36.     At all relevant times, Plaintiff WA&HF has fully performed all stipulations, conditions and covenants which are part of the agreement.

37.     As a direct and proximate result of the Defendant SMG's breaches, Plaintiff WA&HF has sustained damages for the unpaid contract price.

**SECOND COUNT**
**BRECH OF GOOD FAITH AND FAIR DEALING**
**(Against defendant SMG)**

38.     Plaintiffs incorporate paragraphs 1 –32 inclusive herein above, by reference, as if set forth and pleaded at length herein.

39.     The Agreement between the parties and valid and binding contract, which by operation of law, include an implied duty of good faith and fair dealing, requiring the parties to cooperate with each other so that each may obtain the full benefit of performance.

40.     By and through Defendant SMG's acts and omission alleged here, Defendant SMG has breached the duty of good faith and fair dealing.

41.     As a direct and proximate result of the Defendant SMG's breaches, Plaintiff WA&HF has sustained damages for the unpaid contract price.

**THIRD COUNT**
**UNJUST ENRICHMENT**
**(Against defendant SMG)**

42.     Plaintiffs incorporate paragraphs 1 – 32 inclusive herein above, by reference, as if set forth and pleaded at length herein.

43.     By their acts and/or omissions herein alleged, defendant SMG has been unjustly

enriched at the expense of Plaintiff WA&HF in the amount of the contract price owed.

44. Defendant SMG knowingly have received or will receive a benefit under circumstances making it inequitable for SMG to retain the benefits.

45. As a direct and proximate result of SMG's unjust enrichment, Plaintiff WA&HF is entitled to restitution in an amount to be proven at trial.

## FOURTH COUNT
### Defamation
### (Against defendant Guo)

46. Plaintiffs incorporate paragraphs 1 – 32 inclusive herein above, by reference, as if set forth and pleaded at length herein.

47. Guo deliberately and maliciously made false and defamatory statements about Plaintiffs in public online broadcasting, which constitutes the tort of defamation.

**VI.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

A. For a judgment in the amount of USD 319,130, plus contractual and/or statutory interest.

B. Order Guo to publish a retraction of his statements to Plaintiffs in the same media as carried the original defamatory statements

C. Enter judgements against Guo for damages in an amount to be determined at trial or other hearing.

D. Award Plaintiffs reasonable attorney's fee, costs and other expenses incurred in the prosecuting this action.

E. Grant other relief as this court deems fair and appropriate.

Date: August 17, 2020            **AFN Law PLLC**

by: _____
Angus F. Ni

AFN Law PLLC
506 2nd Ave, Suite 1400
Seattle, WA 98104
Phone: (646) 543-7294

*Attorneys For Plaintiffs*