THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WA&HF LLC; RUIZHENG AN,

           Plaintiffs,

      v.

SARACA MEDIA GROUP INC.;
WENGUI GUO,

           Defendants.

No. 2:21-cv-00490-RAJ

**JOINT STATUS REPORT AND
DISCOVERY PLAN**

The parties, by and through their respective counsel of record, submit this Joint Status

Report and Discovery Plan pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil

Rule 26(f).  Counsel for Plaintiffs and Defendant met and conferred telephonically concerning

these issues on April 27, 2021.

**1.**      **Statement of the Nature and Complexity of the Case.**

Plaintiffs WA&HF, LLC and Ruizheng An ("Plaintiffs") claim Defendant Saraca Media

Group ("Saraca") breached a Software Development Agreement ("SDA").  Saraca denies

liability for all of Plaintiffs' claims, and has asserted counterclaims against Plaintiffs for breach

of the SDA, breach of the duty of good faith and fair dealing, unjust enrichment, fraudulent

inducement, and violation of the Computer Fraud and Abuse Act.  This case is not complex.

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

**2.      Proposed Deadline for the Joining of Additional Parties.**

The parties agree that any additional parties shall be joined within 30 days of the Court's scheduling order.

**3.      Whether the Parties Consent to Assignment to a Magistrate Judge.**

The parties do not consent to assignment to a full time United States Magistrate Judge.

**4.      Discovery Plan.**

      **A.      Initial Disclosures.**

The parties exchanged Initial Disclosures on May 4, 2021.

      **B.      Subjects, Timing and Potential Phasing of Discovery.**

The parties anticipate that they will need discovery on all matters relating to the allegations, claims, and defenses set forth in the pleadings, including, among other things, the negotiation and execution of the SDA, WA&HF's performance under the SDA, the timing and quality of any deliverables under the SDA, and Saraca's efforts subsequent to delivery to continue development.  The parties do not believe that phasing of discovery will be necessary.

The parties agree that all discovery responses produced while this matter was pending in King County Superior Court can be used for the same purposes as if the requests had been propounded in this Court.  To the extent that discovery disputes arise, the parties agree to present such disputes pursuant to LCR 37(a)(2).

      **C.      Electronically Stored Information ("ESI").**

At this time, the parties do not believe the Model Agreement Regarding Discovery of Electronically Stored Information ("Model Agreement") is suited to this case.  In the event the discovery process reveals an unexpected volume of electronically stored information or causes the parties to change their view with respect to ESI, the parties are open to conducting such

JOINT STATUS REPORT AND DISCOVERY PLAN - 2
No. 2:21-cv-00490-RAJ

discovery pursuant to the Model Agreement and will notify the Court if such circumstances arise.

**D.     Privilege Issues.**

The parties do not anticipate any unique or extensive claims of privilege or work product protection, and agree that the production of privilege logs is appropriate.  The parties agree that communications between counsel and their clients after August 17, 2020 (the date of filing Plaintiffs' Complaint in King County Superior Court) need not be listed on the parties' respective privilege logs.

**E.     Proposed Limitations on Discovery.**

The parties do not favor changes to or limitations on discovery provided for by the Federal Rules or Local Rules.

**F.     Discovery Related Orders.**

The parties anticipate submitting a Stipulated Protective Order based upon the district's Model Stipulated Protective Order.

**5.     LCR 26(f)(1) topics.**

**A.     Prompt Settlement or Early Resolution.**

While the parties have engaged in preliminary settlement discussions, they are unable to reach a resolution at this time.

**B.     Alternate Dispute Resolution.**

The parties are open to participating in mediation after discovery.

**C.     Related Cases.**

None.

JOINT STATUS REPORT AND DISCOVERY PLAN - 3
No. 2:21-cv-00490-RAJ

**D.     Means to Manage Discovery To Promote Expeditious Resolution.**

The parties agree that all discovery responses produced while this matter was pending in King County Superior Court can be used for the same purposes as if the requests had been propounded in this Court.  To the extent that discovery disputes arise, the parties agree to present such disputes pursuant to LCR 37(a)(2).

The parties also agree that all discovery requests and responses may be served by email, as follows:

- All documents/requests/notices/productions to be served by the close of business shall be emailed to counsel no later than 5:00 p.m. on the day of service.
- All documents/requests/notices/productions emailed after the close of business or on a weekend or holiday shall be regarded as served at 9:00 a.m on the next business day.

**E.     Targeted Discovery.**

The parties anticipate that they will need discovery on all matters relating to the allegations, claims, and defenses set forth in the pleadings, including, among other things, the negotiation and execution of the SDA, WA&HF's performance under the SDA, the timing and quality of any deliverables under the SDA, and Saraca's efforts subsequent to delivery to continue development.  The parties do not believe that phasing of discovery will be necessary.

**F.     Phasing of Motions.**

The parties do not anticipate a need for phasing motions.

**G.     Preservation of Discoverable Information.**

Defendant issued appropriate preservation notices, and does not anticipate any issues with the preservation of discoverable information.

JOINT STATUS REPORT AND DISCOVERY PLAN - 4
No. 2:21-cv-00490-RAJ

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

Plaintiff has undertaken document preservation, and does not anticipate any issues with the preservation of discoverable information.

### H.    Inadvertent Disclosures

With respect to the inadvertent production of privileged information, the parties agree to proceed pursuant to this Court's Model Stipulated Protective Order, which provides:

> Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

In addition, the parties and their counsel agree to abide by RPC 4.4(b), which provides that a lawyer who receives a document or electronically stored information relating to the representation of the lawyer's client and knows or reasonably should know that the document or electronically stored information was inadvertently sent shall promptly notify the sender.

### I.    Model Protocol for Discovery of ESI.

At this time, the parties do not believe the Model Agreement Regarding Discovery of Electronically Stored Information ("Model Agreement") is suited to this case.  In the event the discovery process reveals an unexpected volume of electronically stored information or causes the parties to change their view with respect to ESI, the parties are open to conducting such discovery pursuant to the Model Agreement and will notify the Court if such circumstances arise.

### J.    Alternatives to Model Protocol

The parties do not anticipate needing any alternatives to the model protocols.

### 6.    Discovery Completion Date.

The parties believe that discovery can be completed by November 15.

JOINT STATUS REPORT AND DISCOVERY PLAN - 5
No. 2:21-cv-00490-RAJ

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

**7.      Bifurcation.**

At this time, the parties do not believe that bifurcation is necessary or appropriate.

**8.      Readiness for Trial.**

The parties believe this matter will be ready for trial March 14, 2022.

**9.      Jury or Non-Jury.**

Non-jury.

**10.      The Number of Trial Days Required.**

Because many of the witnesses will testify through an interpreter, the parties anticipate needing 4-5 trial days.

**11.      Names, Addresses, and Telephone Numbers of trial counsel.**

Counsel for Plaintiffs
Angus F. Ni, WSBA No. 53828
506 Second Avenue, Suite 1400
Seattle, WA 98104
Phone: 646.453.7294
Email: angus@afnlegal.com

Counsel for Saraca Media Group
Molly A. Terwilliger, WSBA No. 28449
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101-2393
Telephone:  (206) 786-2177
Fax:  (206) 464-1496
Email: molly.terwilliger@stokeslaw.com

**12.      Potential Trial Date Conflicts.**

Counsel for Plaintiff is unavailable for trial between January 10 and January 20, 2022.

Counsel for Saraca is unavailable for trial February 7-10 and the week of April 25, 2022.

JOINT STATUS REPORT AND DISCOVERY PLAN - 6
No. 2:21-cv-00490-RAJ

**13.    Corporate Disclosure Statements.**

Plaintiff WA&HF filed its Corporate Disclosure Statement on April 20, 2021.  Dkt. No. 9.  Defendant Saraca filed its Corporate Disclosure Statement on April 12, 2021.  Dkt. No. 4.

DATED this 11th day of May 2021.

STOKES LAWRENCE, P.S.

By:  *s/Molly A. Terwilliger*
     Molly A. Terwilliger, WSBA No. 28449
     1420 Fifth Avenue, Suite 3000
     Seattle, WA 98101-2393
     Telephone:  (206) 786-2177
     Fax:  (206) 464-1496
     Email: molly.terwilliger@stokeslaw.com
Attorneys for Defendant Saraca Media Group Inc.

AFN LAW PLLC

By:  *s/Angus F. Ni*
     Angus F. Ni, WSBA No. 53828
     506 Second Avenue, Suite 1400
     Seattle, WA 98104
     Phone: 646.453.7294
     Email: angus@afnlegal.com
Attorneys for Plaintiffs WA&HF LLC and Ruizheng An